# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET L. RICHARDSON<br>2080 Hilburn Dr. SE<br>Atlanta, GA 30316,<br><br>      Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>on behalf of its agency<br>the INTERNAL REVENUE SERVICE,<br><br>      Defendant. | Case No.: 1:21-cv-2810<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>FREEDOM OF INFORMATION ACT ACTION |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Janet L. Richardson ("Mrs. Richardson") brings this action against the United States of America, on behalf of its agency, the Internal Revenue Service (the "IRS"), to compel compliance with the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, as amended.

### Jurisdiction and Venue

2. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### The Parties

4. Mrs. Richardson is an individual with her principal place of residence located in Atlanta, Georgia.

5. The IRS is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control over the records that Mrs. Richardson seeks under the FOIA.

Statutory Framework

6. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A).

7. Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

8. An agency has 20 business days after receipt of a FOIA request in which to determine whether to comply with the request. The agency must then immediately notify the requester of its determination, the reasons for such determination, and the right of the requester to appeal an adverse determination to the agency's head. 5 U.S.C. § 552(a)(6)(A)(i).

9. If the agency fails to respond within 20 days, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

10. This Court has jurisdiction upon receipt of a complaint to review, de novo, the agency's failure to respond and order the production of any agency records improperly withheld from the requester. 5 U.S.C. § 552(a)(4)(B).

Statement of Facts

11. On or about November 7, 2011, the IRS assessed Trust Fund Recovery Penalties ("TFRPs") against Mrs. Richardson under 28 U.S.C. § 6672 with respect to the employment tax liabilities of her husband's medical practice, Russell Richardson, M.D., P.C., for the taxable periods ended 03/31/2008 & 12/31/2008 through 09/30/2010.

12. From April of 2012 through January of 2021, the IRS used a variety of collection actions in an attempt to the collect the TFRP balance due along with other income tax liabilities of

Mrs. Richardson.

13. These collection activities included Forms 668-A, Notices of Levy issued to Protective Life Insurance Company on October 27, 2020, which were then released and reissued on January 7, 2021, with updated accruals of penalties and interest.

14. By letter of December 16, 2020, to the IRS Revenue Officer (the "RO") that issued the Notices of Levy, Mrs. Richardson's counsel requested copies of pertinent collection histories, transcripts, and other documents related to the applicable TFRPs.

15. On December 18, 2020, the RO responded via facsimile that the RO requested the TFRP administrative files from the Federal Records Center in Atlanta, Georgia along with the closed IRS Collections file for Russell Richardson, M.D., P.C. This same fax further indicated that the Federal Records Center was not processing requests at that time due to COVID-19 protocols.

16. On January 29, 2021, the IRS levied the balance due for the applicable TFRPs in the amount of $55,056.07 by seizing certain insurance proceeds on policies with Protective Life Insurance Company that were due Mrs. Richardson upon the death of her husband, Russell Richardson, M.D.

17. On February 8, 2021, Mrs. Richardson's counsel submitted a claim of refund in the amount of $55,056.07 for the TFRPs for taxable periods ended 03/31/2008 & 12/31/2008 through 09/30/2010.

18. The February 8, 2021, claim for refund again requested copies of the TFRP administrative file along with pertinent case histories, transcripts, and other documents related to the applicable TFRPs.

19. In follow-up facsimiles of March 5, and May 17, 2021, the RO informed Mrs. Richardson that the Federal Records Center was still not processing requests or operating with a

skeleton staff; thus the TFRP Administrative File had not been provided.

20. On June 8, 2021, Mrs. Richardson's counsel submitted a more specific request to the RO for the following information and documentation:

a. Corporate Case History Report for Russell Richardson, M.D., P.C. (EIN – 58-1439751) from the IRS's Automatic Trust Fund Recovery ("ATFR") system for the applicable TFRP periods.

b. Any Individual Case History Reports concerning Mrs. Richardson from the ATFR system.

c. Integrated Collection System ("ICS") History Transcripts concerning Mrs. Richardson for the applicable TFRP periods.

d. Automated Collection System ("ACS") History Transcripts concerning Mrs. Richardson for the applicable TFRP periods.

e. Any other transcripts, including IDRS transcripts concerning Russell Richardson, M.D., P.C. and/or Mrs. Richardson that contain entries related to pre-TFRP assessment activities for the applicable periods, such as entries pertaining to Form 4183 approvals or the sending and proper delivery of a Letter 1153 and Form 2751.

21. Via facsimile of June 17, 2021, the RO informed Mrs. Richardson that due to redaction requirements a FOIA Request for the information should be submitted.

22. On June 18, 2021, Mrs. Richardson's counsel prepared and submitted a FOIA Request concerning the TFRPs for the applicable periods, which largely mirrored the June 8, 2021, correspondence with the RO.

23. The FOIA Request of June 18, 2021, sought the following case histories, transcripts, and/or documents:

a. Corporate Case History Report for Russell Richardson, M.D., P.C. (EIN – 58-1439751) from the IRS's Automatic Trust Fund Recovery ("ATFR") system for the Trust Fund Recovery Penalty ("TFRP") periods ended 03/31/2008 & 12/31/2008 through 09/30/2010.

b. Any Individual Case History Reports concerning Janet L. Richardson (SSN – xxx-xx-2778) from the ATFR system.

c. Integrated Collection System ("ICS") History Transcripts concerning Janet L. Richardson for the TFRP periods ended 03/31/2008 & 12/31/2008 through 09/30/2010.

d. Automated Collection System ("ACS") History Transcripts concerning Janet L. Richardson for the TFRP periods ended 03/31/2008 & 12/31/2008 through 09/30/2010.

e. Any other transcripts, including IDRS transcripts, forms, or documents concerning Russell Richardson, M.D., P.C. and/or Janet L. Richardson that contain entries related to pre-TFRP assessment activities for the applicable TFRP periods, such as entries pertaining to Form 4183 approvals or the sending and proper delivery of a Letter 1153 and Form 2751.

24. The deadline for responding to the FOIA Request was July 19, 2021. The IRS did not respond by the deadline.

25. On July 20, 2021, Mrs. Richardson's counsel received a letter from the IRS, dated July 14, 2021, regarding the FOIA Request. The letter stated that the IRS unable to provide the requested information by July 19, 2021, the 20 business-day period allowed by law. The letter further stated that the IRS extended the statutory response date by 10 business days to August 2,

2021, but the IRS would still be unable to locate and consider release of the requested records by August 2, 2021. The letter stated that the IRS needed additional time and expected to complete the request by August 27, 2021. Finally, the letter stated that Mrs. Richardson could file suit after August 2, 2021.

26. On August 27, 2021, Mrs. Richardson's counsel received a second letter from the IRS, via facsimile of August 27, 2021, referring to the FOIA Request of June 18, 2021, requesting additional time to obtain and review the records requested. The second letter stated that the IRS expected to complete the request by September 16, 2021.

27. On September 13, 2021, Mrs. Richardson's counsel received a third letter from the IRS, via facsimile of September 13, 2021, referring to the FOIA Request of June 18, 2021, requesting additional time to review the records requested. The third letter stated that the IRS expected to complete the request by October 15, 2021.

28. As of the date of this Complaint, the IRS has not sent any additional correspondence to Mrs. Richardson's counsel. More importantly, the IRS has not disclosed or provided any of the documents and records requested in the FOIA Request.

29. The statutory deadline for the IRS to respond to the FOIA Request within the 20 business-day statutory response period under the FOIA has expired.

30. Because the IRS failed to comply with the FOIA time limit provisions, Mrs. Richardson has exhausted her administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i).

31. Mrs. Richardson is entitled to reasonable attorney's fees and costs of maintaining this action pursuant to 5 U.S.C. § 552(a)(4)(E).

### Cause of Action

32. Mrs. Richardson incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33. Mrs. Richardson properly requested records within the IRS's control and possession in accordance with the FOIA.

34. Mrs. Richardson is entitled under the FOIA to access the requested records.

35. The IRS has failed to comply with the statutory deadlines imposed by the FOIA.

36. The IRS wrongfully withheld the requested records in violation of the FOIA.

37. Mrs. Richardson exhausted her administrative remedies with regard to the wrongfully withheld records.

### Prayer for Relief

WHEREFORE, Mrs. Richardson respectfully requests that this Court:

A. Declare that the IRS's failure to disclose the records requested by Mrs. Richardson is unlawful;

B. Enjoin the IRS from withholding and order the IRS to disclose the requested records to Mrs. Richardson, in accordance with 5 U.S.C. § 552(a)(4)(B);

C. Award Mrs. Richardson her costs and reasonable attorney fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

NPGBO1:3473349.2

    D.    Grant such other and further relief as the Court deems just and proper.

Dated:    October 22, 2021.    NEXSEN PRUET, PLLC

By:  /s/ Marcus A. Manos
Marcus A. Manos (D.C. Bar No. 420852)
1230 Main Street, Suite 700
Columbia, SC 29201
(803) 253-8275; Fax: (803) 238-7185
MManos@nexsenpruet.com

/s/ David M. McCallum
David M. McCallum (D.C. Bar. No. 991800)
4141 Parklake Ave., Suite 200
Raleigh, NC 27612
(919) 573-7440; Fax: (919) 882-7886
DMcCallum@nexsenpruet.com

/s/ Paul G. Topolka
Paul G. Topolka
701 Green Valley Road, Suite 100
Greensboro, NC 27408
(336) 387-5123; Fax: (336) 339-4088
PTopolka@nexsenpruet.com

Attorneys for Plaintiff
JANET L. RICHARDSON